IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-76,265






EX PARTE STANLEY WAYNE KIRKPATRICK, Applicant





ON APPLICATION FOR A WRIT OF HABEAS CORPUS

CAUSE NO. 2004-474-C2 IN THE 54TH DISTRICT COURT

FROM MCLENNAN COUNTY




 Price, J., filed a concurring opinion.


CONCURRING OPINION ON REHEARING



 In this application for a writ of habeas corpus, the applicant originally requested relief
on July 6, 2009, based on ineffective assistance of counsel. Because the trial judge was not
fully responsive to this Court's order on our first remand, we subsequently remanded the
application a second time in late November, only two months before the applicant's sentence
was scheduled to discharge. After receiving the response to our second remand order, in
which the convicting court found that the applicant had not been appointed appellate counsel
until months after the deadline for filing a timely notice of appeal and found that the
applicant could be entitled to an out-of-time appeal, we now grant the applicant an out-of-time appeal. 

 As clearly seen in this case, unnecessarily remanding writ applications has the
potential to both hamstring applicants and waste judicial resources. Presumably, had the trial
judge appointed appellate counsel in a timely manner or answered our first remand order
adequately, the applicant would not have been potentially prejudiced by being discharged
before any relief could be granted. (1) Moreover, much of the time spent reviewing the
application multiple times could have been used in other judicial pursuits. I agree with the
disposition of this application. I write only to add that, in the future, I would advise
convicting courts to act promptly in discharging their duties with respect to habeas applicants
and to respond appropriately to orders issued by this Court.


Delivered: February 24, 2010

Do Not Publish 
1. If an applicant's sentence has discharged, this Court will dismiss his application. He would
then have to file a second application, wherein he would be required to identify collateral
consequences. Tex. Code Crim. Proc. art. 11.07 § 3(c).